HARRY CORSON *vs.* MICHAEL W. COMISKEY.

Norfolk.    December 3, 1924. — December 4, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Findings by judge.

No question of law is presented to this court upon exceptions by a defendant in an action of contract to a finding for the plaintiff by a judge who heard the action without a jury upon conflicting evidence and to a refusal by the judge to grant rulings of law which were predicated upon facts which the judge stated he did not find to exist.

CONTRACT for services rendered by the plaintiff as foreman and superintendent on a farm under an express agreement. Writ dated December 27, 1921.

In the Superior Court, the action was heard by *Fosdick,* J., without a jury. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. That upon the plaintiff's declaration and upon the evidence showing that the plaintiff had made a contract to work for the defendant and should receive for his services the sum of $80 per month and house rent, and that the plaintiff had been paid for his services up to June 1, 1921, and the plaintiff having left the employ of the defendant on June 23, 1921, as a matter of law the plaintiff is not entitled to recover for his part performance of the contract.

"3. That the payment to the plaintiff by the defendant of $80 per month for the month of April and the month of May, and the plaintiff entering upon a new month of work for June, the plaintiff as a matter of law was in duty bound to complete the month's work and having failed to work through the month of June the plaintiff had broken his contract and is not entitled to recover anything for his work in June either on his contract or on a *quantum meruit.*

"4. Upon the evidence that the plaintiff ceased work for the defendant on June 23, 1921, as a matter of law the plaintiff can maintain no action to recover a compensation for any services actually performed under the contract for the month of June.

"5. That upon the evidence as a matter of law the plaintiff cannot recover on the contract, for he failed to perform it, and further he cannot recover on a *quantum meruit* as he voluntarily refrained from performing his contract.

"6. That upon the evidence no disclosure is made that the defendant was to pay for any portion of the time in which the plaintiff should labor, in the same proportion to the whole sum which the time of labor done should bear to the time agreed for, and the plaintiff having failed to complete the full term of the contract cannot recover for his part performance."

The requests were denied. The judge filed the following finding: "The court finds for the plaintiff. and assesses damages in the sum of $67.71. The court does not find the facts to be such as to make defendant's requests for rulings applicable. They are all denied."

The defendant filed a bill of exceptions which alleged that the defendant, "being aggrieved by the finding of the trial judge for the plaintiff as stated and his denial of the defendant's requests for rulings hereby files his exceptions to such finding and denial and asks that his exceptions be allowed."

*W. G. Moseley,* for the defendant.

*F. V. Terry,* for the plaintiff.

BY THE COURT. This is an action of contract to recover for services rendered by the plaintiff to the defendant under

an agreement to work by the month. The term of service was ended in the midst of a monthly period. The evidence was conflicting whether it ended because of conduct of the plaintiff or of the defendant. The finding of the judge who heard the case without a jury was in favor of the plaintiff. This imported a finding of all subsidiary facts necessary to reach that conclusion. All the requests of the defendant for rulings were predicated upon the theory that the plaintiff of his own voluntary act left the employment without discharge by the defendant. They all were denied by the judge on the ground that he did " not find the facts to be such as to make defendant's requests for rulings applicable." The whole case presented simply a question of fact for decision on conflicting evidence. No error of law is disclosed.

*Exceptions overruled.*